IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3153-D

| | |
|---|---|
| JOHN FRANKLIN MYERS, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| SERGEANT ROUSE, et al., | ) |
| Defendants. | ) |

On July 21, 2025, John Franklin Myers ("Myers" or "plaintiff"), a state inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights [D.E. 1, 2, 5]. As explained below, the court allows the action to proceed in part.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–83 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Myers is incarcerated at Maury Correctional Institution. See Compl. [D.E. 1] at 2. The allegations of Myers's complaint arose at Neuse Correctional Institution. See id. at 5. Myers alleges that on December 24, 2023, defendant Rouse assaulted him while defendant Whittington "stood back and watched[]" and "did nothing to stop or detour [Rouse's] actions." Id. at 5–6. Myers seeks monetary damages and injunctive relief. See id. at 8.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, because the doctrine of respondeat superior does not apply to section 1983 claims, a section 1983 plaintiff must plausibly allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676–77; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Myers's claims are not clearly frivolous. Myers, however, cannot pursue this claim against the North Carolina Department of Adult Corrections. See U.S. Const. amend. XI; Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429–31 (1997); Will v. Mich. Dep't of State Police, 491 U.S.

2

58, 71 (1989); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. 2000) (per curiam) (unpublished); Lunsford v. N.C. Dep't of Corrections, No. 5:22-CT-3384, 2023 WL 4144837, at *2 (E.D.N.C. May 24, 2023) (unpublished); Leak v. N.C. Dep't of Pub. Safety, No. 5:19-CT-3012, 2020 WL 5822213, at *2 (E.D.N.C. Sept. 30, 2020) (unpublished). Accordingly, the court dismisses this defendant.

In sum, the court DISMISSES the North Carolina Department of Adult Corrections. All other claims and defendants remain. The court ORDERS as follows:

1. The clerk shall CONTINUE management of the action pursuant to Standing Order 14-SO-02.

2. If service against any defendant pursuant to the standing order fails, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED. This 8 day of September, 2025.

JAMES C. DEVER III
United States District Judge