UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No.: 5:25-CT-03153-D

JOHN FRANKLIN MYERS,
         Plaintiff,

v.

SERGEANT ROUSE, et al.,
         Defendant.

**ANSWER AND DEFENSES**

NOW COMES Defendant Russell Whittington (hereinafter "Defendant"), by and through Counsel, North Carolina Special Deputy Attorney General James A. Barnes IV, answering Plaintiff's Complaint [DE-1] as follows:

### I.    COMPLAINT

Answering Section I, Complaint, there are no allegations directed towards Defendant, and therefore no response is required. To the extent a response is required, it is admitted upon information and belief that Plaintiff's Complaint purports to be a claim under 42 U.S.C § 1983. Except as admitted herein, Section I. Complaint, is denied.

### II.    PLAINTIFF INFORMATION

Answering Section II, Plaintiff Information, there are no allegations directed towards Defendant, and therefore no response is required. To the extent a response is required it is admitted that Plaintiff is a prisoner in the custody of the North Carolina Department of Adult Corrections and was at the time of the filing of the complaint

1

housed at Maury Correctional Institute. Except as admitted herein, Section II, Plaintiff Information is denied.

### III. PRISONER STATUS

Answering Section III, Prisoner Status, there are no allegations directed towards Defendant, and therefore no response is required. To the extent a response is required, it is admitted that Plaintiff is in the custody of the North Carolina Department of Adult Corrections.

### IV. DEFENDANTS INFORMATION

Answering Section IV, Defendants Information, it is admitted that at all relevant times, Defendant is a Lieutenant at Neuse Correctional Institute. It is further admitted that Plaintiff sues Defendant in his official and individual capacity.

### V. STATEMENT OF CLAIM

Defendant admits that the place of the alleged occurrence was Neuse Correctional Institute in Wayne County, North Carolina. Defendant admits that Plaintiff alleges his rights under the Eighth and Fourteenth Amendment were violated, but this sentence is a description of the legal basis for relief and, as such, it requires no response. To the extent a response is required, Defendant specifically denies that he is liable to Plaintiff for any reasons under those legal theories. Except as specifically admitted, Defendant denies all other allegations.

## VI. ADMINISTATIVE PROCEDURES

To the extent a response is required to Section VI of Plaintiff's Complaint, it is admitted that Plaintiff indicates that he submitted a grievance pursuant to the Administrative Remedy Procedure during the duration of his incarceration. It is further admitted that Plaintiff's grievances are in writing and speak for themselves. Except as admitted herein, the allegations in Section VI, Administrative Remedies, are denied.

## VII. RELIEF

To the extent a response is required to this section, Defendant admits that Plaintiff specifically seeks a change in the electronic weapons policy and upon information and belief seeks compensatory and punitive damages in this action. However, Defendant specifically denies that Plaintiff is entitled to recover any such relief sought. Further, Defendant specifically denies that he is liable to Plaintiff for any reason under any legal theory.

## VIII. PRISONER'S LITIGATION HISTORY

Defendant does not have sufficient information to determine the truth or falsity of the allegations in this section. To the extent a response is required, the allegations of Section VIII Prisoner's Litigation History are denied.

## IX. PLAINTIFF'S DECLARATION AND WARNING

There are no allegations directed to Defendant and therefore, no response is required. To the extent a response is required, denied.

**ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFF'S COMPLAINT, INCLUDING THE RELIEF REQUESTED AND ANY ALLEGATIONS CONTAINTED IN THE ATTACHMENTS THERETO, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED. FURTHER ANSWERING THE COMPLAINT OF THE PLAINTIFF AND AS FURTHER DEFENSES THERETO, ANSWERING DEFENDANTS AVER:**

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted against Defendant, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant pleads this failure in bar of Plaintiff's claims against them.

### SECOND DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims related to any allegations of negligent acts committed by Defendant, as state employees, while acting with the course and scope of his employment with the North Carolina Department of Adult Correction.

### THIRD DEFENSE

To the extent Plaintiff seeks to recover monetary damages from Defendant in his official capacity, the immunity provided by the Eleventh Amendment to the United States Constitution and sovereign immunity bar recovery of such damages. The State of North Carolina has not consented to suit or otherwise waived such immunity.

### FOURTH DEFENSE

Qualified immunity shields Defendant in his individual capacity from Plaintiff's claims against him for monetary damages as Defendant did not violate any clearly established

constitutional rights of which a reasonable person would have known.

## FIFTH DEFENSE

At the time of the incident alleged in the Complaint, Defendant was a public official, and any claims against him in his individual capacity are barred by the doctrine of public official immunity.

## SIXTH DEFENSE

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendant, and Defendant pleads such a failure in bar of any claim against him for punitive damages. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional or reckless disregard of injury, or evil motive or intent by Defendant required to support a claim for punitive damages.

## SEVENTH DEFENSE

At all times relevant to the matters set forth in the complaint, Defendant acted reasonably, in good faith, and complied with all pertinent constitutional, statutory and regulatory authority, all of which are pled as a complete defense to the Plaintiff's claims asserted in this action.

## EIGHTH DEFENSE

Defendant's conduct was at all times in accordance with the applicable standards of care and no alleged act pt alleged failure to act was the proximate cause of any harm or injury sustained by the Plaintiff, and such is a complete bar to recovery by Plaintiff as against Defendant.

## NINTH DEFENSE

Defendant denies that he deprived Plaintiff of any right under the Constitution of the United States of other federal law. Plaintiff has failed to allege facts to support a finding that Defendant subjected him to cruel and unusual punishment, deliberate indifference, or a violation of Plaintiff's

rights under any Amendment to the U.S. Constitution. Plaintiff's Complaint, construed in the light most favorable to Plaintiff, as a matter of law, does not allege a violation of the U.S. Constitution.

### TENTH DEFENSE

No act or failure to act by Defendant was the proximate cause of the injuries or damages, if any, complained of by Plaintiff.

### ELEVENTH DEFENSE

Should the evidence show that Plaintiff failed to mitigate his damages, Defendant pleads such failure as a bar to Plaintiff's claims, or alternatively, as a reduction of Plaintiff's alleged damages.

### TWELVTH DEFENSE

Defendant expressly reserves the right to pleas and assert additional defenses which may be revealed during the course of discovery or trial.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint [DE-1], and having asserted the above-noted affirmative defenses and immunities, Defendant prays to the Court as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;
2. That Plaintiff have and recover nothing from them in this action;
3. That costs of this action, including reasonable attorney's fees, be taxed to Plaintiff;
4. For such other and further relief as the Court deems just and proper; and
5. For a trial by jury of all issues of fact herein.

This the 7th day of January, 2026.

                                        **JEFF JACKSON**
                                        **Attorney General**

                                        <u>/s/James A. Barnes IV</u>
                                        James A. Barnes IV
                                        Special Deputy Attorney General
                                        N.C. State Bar No. 33356
                                        N.C. Department of Justice
                                        P.O. Box 629
                                        Raleigh NC  27602-0629
                                        Telephone:   (919) 716-6786
                                        Facsimile:    (919) 716-6761
                                        E-mail:  <u>jabarnes@ncdoj.gov</u>

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and that I will cause the foregoing document to be served on all non-CM/ECF participant(s) by depositing a copy in the U.S. Mail, postage prepaid, addressed as follows:

> John F. Myers
> Opus No.: 0792524
> Maury Correctional Institute
> PO Box 506
> Maury NC 28954

This the 7th day of January, 2026.

/s/James A. Barnes IV
James A. Barnes IV
Special Deputy Attorney General