# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

**No. 5:25-ct-03153-D**

| | |
|---|---|
| **JOHN FRANKLIN MYERS**<br>  **Plaintiff,**<br><br>**v.**<br><br>**FRANKLIN LEE ROUSE and RUSSELL WHITTINGTON,**<br><br>  **Defendants.** | **RESPONSE TO DEFENDANT ATTORNEY'S MOTION TO WITHDRAW AS COUNSEL TO DEFENDANT ROUSE** |

NOW COMES Counsel for Plaintiff John Franklin Myers, to respond to the motion of Defendants' Counsel to Withdraw from its representation of Mr. Franklin Lee Rouse in this matter (hereinafter "the Motion"). [D.E. 23] Within the limited nature of counsel's appointment, which only covers the discovery phase of this proceeding, counsel takes no position on the motion to withdraw.

However, in light of the impact that the requested withdrawal will have on Plaintiff, a prisoner who will likely proceed pro-se after the completion of discovery, counsel respectfully requests that, if the Court grants the Motion, it also either direct Defendant Rouse to affirmatively provide an address at which he consents to receive service of legal papers within 30 days of counsel's withdrawal, or else it direct withdrawing counsel to file unsealed versions of documents revealing the address at which Defendant Rouse was originally served in this matter.

In support of these requests, and without repeating the timeline of events set out in the Motion, which counsel does not dispute, the undersigned states the following:

1. On September 9, 2025, at the Court's direction, requests for waiver of service as to both Defendants Rouse and Whittington were sent to the Department of Adult Correction.

2. On November 11, 2025, counsel for Defendants filed a document regarding Defendant Rouse under seal with access limited only to Defendant Rouse. In response, on November 12, 2025, the court issued a summons to Defendant Rouse, on which his address was noted to be "UNDER SEAL"

3. On December 2, 2025 the summons to Defendant Rouse was retuned executed and filed on the document, again with his address redacted and noted as "UNDER SEAL."

4. On January 9, 2026, the Court entered a Scheduling Order pursuant to Standing Order 21-SO-11 appointing North Carolina Prisoner Legal Services, Inc. (NCPLS) "to conduct discovery on Plaintiff's behalf". [D.E. 21]. The undersigned currently represents Plaintiff in that limited capacity only.

5. On January 13, 2026, undersigned counsel filed a Notice of Appearance on behalf of Plaintiff John Franklin Myers. [D.E. 22].

6. On February 18, 2026, counsel for Plaintiff propounded discovery requests on Defendants by serving them on counsel of record. Those discovery requests included requests directed to Defendant Rouse and Defendant Whittington.

7. As of March 3, 2026, Defendant Rouse has not filed an Answer in this matter and has not otherwise appeared independently.

8. As of the date of this filing, Defendant Rouse remains represented by counsel; however, counsel has indicated that it has been unable to contact him and has moved to withdraw from representation.

9. If the Motion is granted and Defendant Rouse does not appear through substitute counsel, Plaintiff will have no address at which to serve future filings on Defendant Rouse.

10. Because Plaintiff is incarcerated, he is not in a position to independently locate Defendant

Rouse or retain a process server to attempt repeated personal service at unknown locations.

11. Without access to a valid address for Defendant Rouse, Plaintiff will have no practical mechanism to serve motions or other filings on him, including any potential motion relating to default.

12. This request is not made to oppose withdrawal, but solely to ensure that Plaintiff is not procedurally barred from prosecuting his claims due to lack of any address for service.

WHEREFORE, Plaintiff respectfully requests that, if this Court grants the Motion, it additionally:

a. Enter an order directing Defendant Rouse, within 30 days of entry of the order granting withdrawal, to affirmatively identify an address at which he agrees to receive service of legal papers in this matter; or alternatively,

b. Unseal the address at which Defendant Rouse was successfully served and directing opposing counsel to provide that address to Plaintiff for purposes of service of future filings; and

c. Grant any additional relief the Court deems just and proper.

Respectfully submitted this the 3rd day of March, 2026.

/s/ Ruth Kintzele
Ruth Kintzele
N.C. Bar No. 62482
rkintzele@ncpls.org
N.C. Prisoner Legal Services
Post Office Box 25397
Raleigh, NC 27611

(919) 856-2200
(919) 856-2223 (Fax)

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. I also hereby certify that on March 3, 2026, a copy of the foregoing was mailed to following individual:

> **John Franklin Myers**
> OPUS #0792824
> Maury Correctional Institution
> P.O. Box 506
> Maury, NC 28554

/s/ Ruth Kintzele

Ruth Kintzele